BAILES, Judge Pro Tem.
This is an action by the plaintiff to recover from defendant, Victory Industrial Life Insurance Company of Louisiana, the reinsurer of United Fidelity Insurance Company of Louisiana, burial services rendered to certain deceased policyholders of the defendant. The amount sued for is $2,775.00, this being seventy-five per cent of the face value of the policies issued to the respective insureds. Also claimed are statutory penalties, a reasonable attorney’s fee, and legal interest from date of judicial demand until paid.
The plaintiff obtained judgment in the trial court in the sum of $2,325.00, together with legal interest on the sum of $1,-275.00 from date of judicial demand until paid. Interest was denied on the balance of the judgment of $1,050.00. The trial court denied recovery to plaintiff on his claims for services rendered in the burial of policyholders Shelby Briggs and Wiley Golman. Additionally, plaintiff’s claims for statutory penalties and attorney’s fee were denied. Plaintiff appeals. Defendant neither appealed nor has it answered the appeal.
In denying plaintiff’s claim for services rendered in the burial of policyholders, Shelby Briggs and Wiley Golman, the trial court stated:
«* * *
“With regard to Shelby Briggs — the claimant, Ella B. Foster, and that of Willie Golman, according to the testimony of everybody who is involved in this lawsuit today, the policies were lost prior to the time that he accepted the body for burial, in both instances. It’s not incumbent upon the insurer to furnish this information; it’s incumbent upon the person doing the burying and the person that has the policy to furnish this information. It’s incumbent upon the insured (sic) according to the policy ‘upon due proof of death’ to perform certain acts. And as I understand the testi *716 mony — and it has been all along, even when Mr. Coster had the business and the Rhodes (sic) took over the business —that it was still required that the three documents be furnished. Until this very day, as I understand it, both from the testimony of the witnesses and what you had to say in your closing argument, to this day the policy has been furnished in neither of these cases. For that reason I don’t think that the Briggs claim nor the Golman claim should be honored by the defendants herein.
“ * * * ”
We find the trial court erred in denying these two claims. There appears to be no question that both the Briggs and the Gol-man policies were lost. The defendant does not deny the issuance of the policies; in fact, the defendant, in answer to plaintiff’s written request for admission of facts admitted that burial policies had been issued to both Shelby Briggs and Wiley Gilmore (Golman).
Prior to trial plaintiff had issued a subpoena duces tecum to defendant to produce in court premium payment records. Defendant failed to comply with the subpoena and the defendant’s representative, Mrs. Doris M. Rhodes, was less than candid in denying the availability of premium payments records sought by plaintiff.
Considering the failure of the defendant to respond to the subpoena duces tecum, its admission of fact that policies were outstanding in the names of Shelby Briggs and Wiley Gilmore (or Golman), and the proof of death of these two policyholders, we find that the plaintiff is entitled to be paid for the services rendered in the burial of Shelby Briggs and Wiley Gilmore (Gol-man).
As to the claim for statutory penalties and a reasonable attorney’s fee, the judgment of the trial court is correct. From the record before us we are unable to determine precisely the type of insurance issued in the subject policies, however, it would appear from what we glean from the record that these were service policies providing for a burial within designed monetary limits, or the payment of seventy-five per cent of the face amount in cash in lieu thereof.
We conclude, as did the trial court, that plaintiff does not come within the ambit of LSA-R.S. 22:658 in claiming 12 per cent damages and a reasonable attorney fee. The plaintiff was not an insured, employee or any party in interest under the terms of the policy. The plaintiff was the mortician so designated by the insurer, and any breach of contract between plaintiff and defendant in payment of the service performed was not a failure to “pay the amount of any claim due any insured.”
There was no tender to the plaintiff of the sum of $1,050.00 which was the amount of the judgment on which the trial court awarded no interest. The trial court, in its reasons for judgment, noted that there was an offer to pay the claims comprising this amount and that it would be unfair to assess judicial interest from date of judicial demand on these claims. It is noted in the record that there were “off the record” discussions between opposing counsel and the court and perhaps it was during one of these discussions that defendant offered to pay these claims. We find nothing in the record to support a tender of payment. The plaintiff made full proof of these claims. We find plaintiff is entitled to an award of legal interest on the total amount of his recovery from date of judicial demand until paid. See: LSA-C.C.P. Article 1921.
For the foregoing reasons, the judgment appealed is amended to increase the amount of the award in favor of the plaintiff and against the defendant to the sum of $2,-775.00, together with legal interest thereon from date of judicial demand until paid. The demands of the plaintiff for statutory penalties and a reasonable attorney’s fee are denied. Defendant is cast for all court costs.
Amended, and as amended, affirmed.